1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SERGEI PORTNOY,                          No.  2:15-cv-1839 TLN AC (PS)

12              Plaintiff,

13       v.                                     ORDER and FINDINGS AND
                                                RECOMMENDATION
14    CAROLYN K. DELANEY, et al.,

15              Defendants.

16

17        Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C.

18    § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local

19    Rule 302(c)(21).

20        Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to

21    prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma

22    pauperis will be granted.  28 U.S.C. § 1915(a).

23                                I.  SCREENING STANDARD

24        The federal in forma pauperis statute requires federal courts to dismiss a case if the action

25    is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or

26    seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.

4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9  this standard, the court "must accept as true all of the factual allegations contained in the

10  complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56),

11  construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon

12  Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), and resolve all

13  doubts in the plaintiff's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital

14  Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).  The court need not accept as true,

15  legal conclusions "cast in the form of factual allegations."  Western Mining Council v. Watt, 643

16  F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is entitled to notice of the deficiencies in the

17  complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by

18  amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

19                        II.  ALLEGATIONS OF THE COMPLAINT

20        According to the complaint, on April 10, 2000, plaintiff filed an I-130 petition on behalf

21  of his wife, Elana (Kudinova) Portnoy.  Complaint (ECF No. 1) ¶ 17.  The petition was denied on

22  July 26, 2001.  Id. ¶ 20.  On July 9, 2009, plaintiff's wife was "seized," and on August 26, 2009,

23  deported to the Republic of Georgia.  Id. ¶ 23.  Plaintiff "filed eight lawsuits with U.S. district

24  court with intent to adjudicate denial of my I-130 petition."  Id. ¶ 27.  Each lawsuit was

25  "dismissed without discovery."  Id. ¶ 28.  The complaint further alleges that the judicial officers

26  who adjudicated his cases violated plaintiff's constitutional rights in several ways.

27        Plaintiff, citing Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971), has now

28  sued those judicial officers (and others, against whom no specific charges are made), for

1   dismissing his cases.  Id. at 1.  The complaint alleges that defendants falsely and fraudulently

2   dismissed the lawsuits, misrepresented material facts, falsely invoked res judicata and lack of

3   jurisdiction, and falsely affirmed the dismissals on appeal.  Id. ¶¶ 27-62.  Plaintiff alleges that this

4   conduct violated "the first three cannons of the Code of Conduct for United states Judges," and

5   violated plaintiff's Fifth Amendment Due Process rights, discovery rules, the Federal Tort Claims

6   Act, the Administrative Procedure Act, and the appellate judges' "*de novo* respon[s]ibilities."  Id.

7   at 13-26.

8                                        III.  ANALYSIS

9          Federal judges are absolutely immune from suit where, as here, they are sued for their

10  judicial actions.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (citing Forrester v.

11  White, 484 U.S. 219, 227-229 (1988) and Stump v. Sparkman, 435 U.S. 349, 356-57 (1978));

12  Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986) (federal judge enjoys

13  absolute judicial immunity when sued for actions that "were judicial in nature and were not done

14  in clear absence of all jurisdiction").  Moreover, this immunity exists for suits such as this one,

15  seeking only injunctive and declaratory relief.  Mullis v. U.S. Bankruptcy Court for Dist. of

16  Nevada 828 F.2d 1385, 1394 (9th Cir. 1987) ("[w]e hold that when a person who is alleged to

17  have caused a deprivation of constitutional rights while acting under color of federal law can

18  successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar

19  declaratory and injunctive relief"), cert. denied, 486 U.S. 1040 (1988).[1]

20         The only defendants named in this lawsuit are therefore absolutely immune from this

21  lawsuit.  The complaint is frivolous and fails to state a claim upon which relief can be granted.

22  Accordingly it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

23         For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's application to

24  proceed in forma pauperis (ECF No. 2) is GRANTED, and

25         IT IS HEREBY RECOMMENDED THAT plaintiff's complaint be DISMISSED with

26  prejudice.

27

28
[1]  Mullis distinguished Pulliam v. Allen, 466 U.S. 522 (1984), which declined to extend absolute
judicial immunity from injunctive actions to a state Magistrate.  Mullis, 828 F.2d at 1391-94.

1        These findings and recommendations are submitted to the United States District Judge

2    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)

3    days after being served with these findings and recommendations, plaintiff may file written

4    objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

6    objections within the specified time may waive the right to appeal the District Court's order.

7    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8    DATED: October 15, 2015

9

10

11   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28